The defendant in error filed a motion for rehearing herein complaining of that portion of our opinion in which we hold that there *Page 903 
was error in rendering judgment for any interest. After filing the motion and before the same was acted upon by the court, a settlement was made between the parties, the motion was withdrawn, the costs of appeal paid, and mandate issued. There is therefore nothing before us for decision, and the judgment heretofore rendered will not be disturbed.
In our original opinion, after stating the general rule that, if the property of an insolvent passes into the hands of a receiver, the running of interest ceases, we stated: "No reason can be perceived why the general rule is not applicable to the facts in the instant case." In view of the fact that the foreclosure of a lien was awarded, it is insisted that the appointment of a receiver did not stop the running of interest, in so far as same could be collected out of the proceeds of the sale of the security. In support of this contention we are referred to the cases of First Nat. Bank of Houston v. J. I. Campbell Co., 52 Tex. Civ. App. 445,114 S.W. 887, and Brazelton Johnson v. J. I. Campbell Co.,49 Tex. Civ. App. 218, 108 S.W. 770. While there is nothing before us for determination, we desire to state that a consideration of these authorities has, at least, created a doubt in our minds as to the correctness of the sentence in our original opinion above quoted. We therefore withdraw that statement, in so far as it may be an authority binding upon this court in the future. In other words, we make no decision at all of the question as to whether the general rule has full application to the facts of the instant case.